UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA ALICIA FARIAS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>Defendant. | No. 2:18-cv-1122-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 18. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. BACKGROUND

In November 2014, plaintiff filed applications for a period of disability, DIB, and SSI. Administrative Record ("AR") 253-88, 319-27. Her applications were denied initially and upon reconsideration. *Id.* at 200-05, 208-13. A hearing was subsequently held before administrative law judge ("ALJ") Trevor Skarda. *Id.* at 146-59. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert testified. *Id.*

1

On January 17, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id.* at 98-105. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016 (Ex. 11 D/1).

2. The claimant has not engaged in substantial gainful activity since February 24, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairment: diabetes mellitus, obesity, and bilateral knee osteoarthritis (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb, balance, stoop, kneel, crouch and crawl.

\* \* \*

6. The claimant is capable of performing past relevant work as a store manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 24, 2011, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 100-05.

Plaintiff's request for Appeals Council review was denied on March 8, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

3

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). ECF No. 13 at 15-22.

III.   ANALYSIS

Plaintiff's sole argument is that the ALJ erred by failing to provide clear and convincing reasons for her rejecting her testimony. ECF No. 12 at 4-6.

In evaluating a plaintiff's testimony regarding subjective pain or symptoms, an ALJ must follow a two-step analysis. First, they must determine whether the plaintiff has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). At the first step, "the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Id.* "[F]or the ALJ to reject the claimant's complaints, the ALJ must provide specific, cogent reasons for the disbelief." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotations and quotation marks omitted); *see Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (once a plaintiff submits medical evidence of an impairment that could reasonably be expected to produce the alleged symptoms, "the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.").

Plaintiff testified that she is unable to work due to bilateral knee pain, which she described as constant. AR 151. She stated that she could only stand or walk for about 30 minutes before her legs get stiff and become numb, and that she uses a walker and cane to help with mobility. *Id.*

at 153. She also stated she can lift no more than ten pounds and sit for only an hour before needing to get up and stretch. *Id.* at 153-54. Plaintiff also confirmed that she has a history of diabetes and hypertension but noted that these conditions were under control and no longer required her to take medication. *Id.* at 152.

In his decision, the ALJ concluded that plaintiff's impairments could reasonably be expected to cause her alleged symptoms. AR 103. But he concluded that the intensity, persistence, and limiting effect of plaintiff's reported symptoms were "not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* The ALJ first noted that plaintiff's medical records reflected that she had failed to take her diabetes medication for a three-month period. AR 103. He also observed that subsequent treatment records reflected that her diabetes was effectively controlled by medication. *Id.*

Generally, an ALJ may reject a plaintiff's subjective complaints where her impairment responds favorably to conservative treatment or there is an unexplained failure to follow a physician's prescribed course of treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008) (the fact that claimant "responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication . . . undermines [claimant's] reports regarding the disabling nature of his pain"); *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated."). But plaintiff's failure to consistently take her diabetes medication, as well as evidence that the medication, when taken, controlled her diabetes, has no bearing on plaintiff's testimony that she has difficulty walking due to knee pain. More significantly, plaintiff specifically testified that her diabetes was under control and no longer required her to take the medication.

The ALJ's only remaining reason for rejecting plaintiff's testimony was that it was "not entirely consistent with the medical evidence and other evidence in the record." AR 203. The ALJ, however, failed to identify the specific evidence that was inconsistent with plaintiff's subjective complaints. Instead, he offered only his general conclusion, which is insufficient to

5

support the adverse credibility finding. *See Lester*, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Even assuming plaintiff's subjective statements were not fully supported by objective medical evidence, this alone could not support an adverse credibility finding. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (The ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.").

The Commissioner contends that the ALJ correctly found that plaintiff was not credible because (1) her treatment provider only prescribed a knee brace and low impact exercise such as water therapy, and (2) her pain was conservatively treated with Tylenol. ECF No. 18 at 8-9. But the ALJ did not explicitly rely on that evidence to reject plaintiff's subjective complaints of pain. This court may not affirm on grounds that the ALJ did not himself rely on. *Orn*, 495 F.3d at 630; *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Based on the forgoing, the court finds that the ALJ erred by rejecting plaintiff's testimony absent clear and convincing reasons. Accordingly, the matter must be remanded for further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is denied;

3. The matter is remanded for further proceedings consistent with this order; and

/////

4. The Clerk is directed to enter judgment in Plaintiff's favor and close the case.

DATED: September 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE